**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe,<br><br>              Plaintiff,<br><br>v.<br><br>State of Arizona,<br><br>              Defendant. | No. CV-15-02399-PHX-DGC<br><br>**ORDER** |

On November 23, 2015, Plaintiff initiated this action against the State of Arizona, using a fictitious name to protect his identity. Plaintiff alleges that the State's Department of Corrections ("ADOC") has violated his rights under Title VII of the Civil Rights Act of 1964 by discriminating against him on the basis of his gender identity and retaliating against him based on his filing of a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Doc. 1. The State of Arizona has filed a motion to dismiss (Doc. 11) which has been fully briefed (Docs. 17, 18). The Court heard oral argument on March 16, 2016. For the reasons set forth below, the motion to dismiss will be granted in part and denied in part.

**I.     Background.**

The allegations of Plaintiff's complaint are taken as true for purposes of this motion. Plaintiff is a transgender male employed as a Corrections Officer by the ADOC. Doc. 1, ¶¶ 5, 8. Plaintiff's co-workers and supervisors have subjected him to severe and pervasive harassment based on his gender identity. *Id.*, ¶ 10. His supervisors and co-

workers have repeatedly made disparaging remarks about his gender, referring to him as a "he/she," "it," and "whatever." *Id.*, ¶ 11. Plaintiff's supervisors have told him that other officers in the Department are offended by his gender, that Plaintiff is not safe in the Department, and that they would not respond to emergency calls from him. *Id.*, ¶ 12. Plaintiff's tire has been slashed in the ADOC employee parking lot. *Id.*, ¶ 14. Although Plaintiff has repeatedly complained to his supervisors about the harassment, it continues unabated. *Id.*, ¶ 15. The Department has not conducted an investigation into the harassment or disciplined the responsible employees. *Id.*, ¶ 16.

On April 13, 2015, Plaintiff filed a charge of discrimination with the EEOC complaining of ongoing sex discrimination. Doc. 1-1 at 2-3. Plaintiff alleged that other correctional officers had made transphobic comments about him, that his co-workers had informed prison inmates of his status, and that his supervisors had failed to undertake any investigation or corrective action with respect to this breach of his confidentiality. *Id.* On August 26, 2015, the U.S. Department of Justice, Civil Rights Division, issued Plaintiff a right-to-sue letter, explaining that the letter was being provided because the EEOC would not be able to investigate Plaintiff's Charge within 180 days of receiving it, and because Plaintiff's attorney had specifically requested the letter. Doc. 1-1 at 5. Thereafter, Plaintiff initiated this action, seeking (1) a declaration that the State of Arizona violated his rights under Title VII; (2) injunctive relief prohibiting similar unlawful conduct; (3) nominal and compensatory damages; and (4) reasonable costs and attorney's fees. Doc. 1 at 3-4.

**II.   Analysis.**[1]

Defendant argues that Plaintiff's claims for gender discrimination and retaliation should be dismissed for lack of subject matter jurisdiction because Plaintiff has failed to exhaust his administrative remedies. Doc. 11 at 7-11. In the alternative, Defendant

---

[1] Plaintiff's response to Defendant's motion includes a footnote that describes prior litigation against the ADOC in an attempt to show that ADOC is "a serial violator of . . . federal civil rights laws." Doc. 17 at 3 n.1. The Court cannot consider such information in ruling on a motion to dismiss, and therefore has disregarded the footnote.

- 2 -

argues that these claims should be dismissed for failure to state a claim. *Id.* at 11-15. Defendant also argues that Plaintiff lacks standing to pursue declaratory or injunctive relief. *Id.* at 15-17.

### A.     Exhaustion.

#### 1.     Legal Standard.

To establish subject matter jurisdiction over a Title VII claim, an employee must first exhaust his administrative remedies by filing a charge with the EEOC or the appropriate state agency. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002); *see* 42 U.S.C. § 2000e-5(f)(1). The Court's jurisdiction extends to all allegations that are "like or reasonably related to the allegations made before the EEOC, as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003). EEOC charges are construed "with the utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *Id.* But "[t]he EEOC charge must at least describe the facts and legal theory with sufficient clarity to notify the agency that employment discrimination is claimed." *Id.* at 319 (quoting *Cooper v. Bell*, 628 F.2d 1208, 1211 (9th Cir. 1980)).

#### 2.     Gender Discrimination.

Title VII prohibits "discriminat[ion] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). The EEOC and courts have held that this provision prohibits workplace discrimination based on gender identity. *See Macy v. Holder*, App. No. 0120120821, 2012 WL 1435995 (EEOC Apr. 20, 2012); *see also Glenn v. Brumby*, 663 F.3d 1312, 1317 (11th Cir. 2011) ("discrimination against a transgender individual because of her gender-nonconformity is sex discrimination"). A prima facie claim of workplace discrimination must allege: "(1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that

the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (citation omitted). In the Ninth Circuit, the term "adverse employment action" is defined broadly and is not limited to ultimate employment actions such as hiring, firing, promoting, and demoting. *Ray v. Henderson*, 217 F.3d 1234, 1240-43 (9th Cir. 2000). Examples of adverse employment actions include "demotions, disadvantageous transfers or assignments, refusals to promote, unwarranted negative job evaluations and toleration of harassment by other employees," *id.* at 1242 (citing *Wyatt v. City of Boston*, 35 F.3d 13, 15-16 (1st Cir. 1994)), as well as any other "materially adverse change in the terms and conditions of employment," *id.* (citing *Torres v. Pisano*, 116 F.3d 625, 640 (2nd Cir. 1997)).

The allegations in Plaintiff's EEOC Charge describe a gender discrimination claim with sufficient clarity to render the claim exhausted. Doc. 1-1 at 2-3. In his Charge, Plaintiff states that he is transgender (*id.* at 3), thereby satisfying the "protected status" element of a gender discrimination claim. Plaintiff alleges that his supervisors have tolerated harassment of him and have breached his confidentiality by informing prison inmates of his transition. *Id.* These allegations satisfy the "adverse employment action" and "disparate treatment" elements of a gender discrimination claim. *See Wyatt*, 35 F.3d at 15-16 (employer's toleration of harassment may be an adverse employment action). Plaintiff need not allege "satisfactory job performance" because the adverse employment action at issue in this case was not an ultimate employment decision. The Court concludes that Plaintiff exhausted his gender discrimination claim by adequately presenting it to the EEOC.

### 3. Retaliation.

Title VII prohibits retaliation against an employee for opposing an unlawful employment practice or participating in a Title VII proceeding. 42 U.S.C. § 2000e-3(a)**.** A successful retaliation claim must establish that (1) the employee engaged in a protected activity; (2) the employer took an adverse employment action against the employee; and

(3) the employer would not have taken the adverse employment action but for a design to retaliate. *Nilsson v. City of Mesa*, 503 F.3d 947, 953-54 (9th Cir. 2007); *see Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2535 (2013) (clarifying that employee must show "but for" causation). In the context of a retaliation claim, an adverse employment action is one that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citation and quotation marks omitted).

Plaintiff acknowledges that his EEOC Charge did not contain a retaliation claim, but contends that this is excused because the retaliation he alleges occurred in response to the filing of the Charge itself. Doc. 17 at 7. Plaintiff is incorrect. *See Vasquez v. Cty. of L.A.*, 349 F.3d 634, 645 (9th Cir. 2003) ("we have no jurisdiction to hear the claim that the County retaliated against Vasquez for filing an EEOC charge" because he failed to exhaust the claim); *see also Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012) ("We reject Richter's contention that retaliation claims arising from a charge filed with the EEOC are excepted from the statutory exhaustion requirement.").

Plaintiff cites *Lyons v. England*, 307 F.3d 1092 (9th Cir. 2002), for the proposition that a claimant need not file a new EEOC claim to address discrimination that occurs after the first EEOC charge is filed, but *Lyons* concerned additional instances of discrimination like those already presented to the EEOC, not entirely new claims. *Id.* at 1104 (original EEOC claims and new instances of discrimination concerned failure to promote). *Lyons* specifically recognized that "'[i]ncidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge.'" *Id.* (quoting *Green v. L.A. Cty. Superintendent of Sch.*, 883 F.2d 1472, 1475-76 (9th Cir.1989)) (internal quotation marks omitted). The same is true of the other cases cited by Plaintiff. *See Anderson v. Reno*, 190 F.3d 930, 935 (9th Cir. 1999) (later incidents must be "like or reasonably related to" the allegations of the EEOC charge); *Oubichon v. N. Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973) (same).

Plaintiff asserted at oral argument that his retaliation claim is like or reasonably related to his allegations of gender-identity harassment. He argued that such harassment often results in EEOC charges, and that EEOC charges often result in retaliation. The Court cannot conclude from these generalizations, however, that Plaintiff's retaliation claim was exhausted. Applying the "like or reasonably related" standard, courts hold that "[s]ubject matter jurisdiction extends to all claims of discrimination that fall within the scope of the EEOC's actual investigation or an EEOC investigation that could reasonably be expected to grow out of the charge." *Vasquez*, 349 F.3d at 644. The right-to-sue letter makes clear that the EEOC did not actually investigate any retaliation claim from Plaintiff, and the Court cannot conclude that such an investigation could reasonably have been expected to grow out of Plaintiff's charge. The charge included a checked box for sex discrimination, not for retaliation. Doc. 17-1 at 7. The facts alleged in the charge all related to Plaintiff's claim of harassment, and all were alleged to have occurred in 2014, months before the charge was filed in April of 2015. The charge would not reasonably give rise to an investigation of retaliation resulting from the charge. *See Studymire v. Bright Horizons Children's Ctr., Inc.*, No. CV-09-1122 PHX DGC, 2010 WL 653459, at *2 (D. Ariz. Feb. 22, 2010) (retaliation claim not exhausted by claim for discrimination).

Plaintiff also argues that dismissal of his retaliation charge will only result in him later seeking to amend or file another action, a needless waste of time and resources. Plaintiff argued at the hearing that the Court can exercise jurisdiction over the retaliation charge even if it was not exhausted. The Court does not agree. It is true, as Plaintiff suggested at oral argument, that a federal court may exercise jurisdiction over a Title VII claim notwithstanding the employee's failure to file a *timely* EEOC charge. *See Zipes v. Trans World Airlines*, 455 U.S. 385, 397 (1982). But "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite." *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) (emphasis in original). Where an employee entirely fails to exhaust a claim and the claim is not "like or reasonably related to" one that has been exhausted, the Court is

1  without jurisdiction to consider the claim.  *Id.* at 709 ("In cases where the plaintiff has never presented a discrimination complaint to the appropriate administrative authority, the district court does not have subject matter jurisdiction.").

Plaintiff has not substantially complied with the exhaustion requirement for his retaliation claim.  Plaintiff's retaliation claim must therefore be dismissed for lack of jurisdiction.

### B. Failure to State a Claim.

#### 1. Legal Standard.

A successful Rule 12(b)(6) motion must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

The Court must take the well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  Legal conclusions couched as factual allegations do not enjoy a presumption of truth and are not sufficient to defeat a Rule 12(b)(6) motion.  *Iqbal*, 556 U.S. at 678.

#### 2. Gender Discrimination.

Defendant argues that Plaintiff has not stated a claim for gender discrimination because he fails to identify any adverse employment action that he was subjected to because of his gender.  Doc. 11 at 15.  The Court does not agree.  The Complaint alleges

- 7 -

1  that Plaintiff was subjected to severe and pervasive harassment by his coworkers and
2  supervisors. Doc. 1, ¶¶ 10-17, 21. These allegations are sufficient to state a claim for
3  gender discrimination. *See Wyatt*, 35 F.3d at 15-16; *Torres*, 116 F.3d at 640.

4  Defendant also argues that Plaintiff fails to describe the "specific incidents, dates,
5  and/or actors" relevant to his claim. Doc. 11 at 15. To the contrary, Plaintiff has
6  described several specific incidents of harassment. *See* Doc. 1, ¶¶ 12-14; 1-1 at 2-3. The
7  Court is not persuaded that Plaintiff must allege specific dates or employee names to state
8  a claim, particularly where Plaintiff has withheld the names to protect his identity. *See*
9  Doc. 17 at 5 n. 2. Plaintiff has adequately alleged that he has been subject to workplace
10 harassment and that his supervisors know of and refuse to investigate these events. From
11 these allegations, the Court can draw the reasonable inference that Defendant is liable for
12 tolerating the harassment. Plaintiff has stated a claim for gender discrimination.

13 Defendant also argues that Plaintiff has not stated a claim for "discrimination."
14 Doc. 11 at 8-11. Plaintiff interprets this as an argument regarding a disparate treatment
15 claim, and argues that a hostile work environment constitutes a form of disparate
16 treatment, citing *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 64 (1986). Doc. 17 at 8.
17 Plaintiff then asserts that his complaint sufficiently pleads a hostile work environment.
18 *Id.* The Court agrees. Plaintiff has stated a claim for gender discrimination based on
19 harassment giving rise to a hostile work environment.

20 **C.   Declaratory and Injunctive Relief.**

21 Defendant argues that Plaintiff lacks standing to pursue declaratory relief because
22 he has not shown that clarification of his rights would prevent a specific, concrete injury.
23 Doc. 15-17 (citing *Leu v. Int'l Boundary Comm'n*, 605 F.3d 693 (9th Cir. 2010); *Rhoades*
24 *v. Avon Products, Inc.*, 504 F.3d 1151 (9th Cir. 2007)). In addition, Defendant argues
25 that Plaintiff lacks standing to pursue injunctive relief because he has not adequately
26 alleged "a real and immediate threat of repeated injury." *Id.* at 17 (quoting *City of L.A. v.*
27 *Lyons*, 461 U.S. 95, 103 (1983)). Plaintiff counters that Defendant's arguments are not
28 properly resolved on a motion to dismiss. Doc. 17 at 9.

The Court agrees with Plaintiff. Plaintiff is seeking declaratory and injunctive relief for his Title VII claims. A request for relief cannot be dismissed for failure to state a claim. *See* Fed. R. Civ. P. 8(a) (distinguishing between "claim showing that the pleader is entitled to relief" and "demand for relief"); *Benhur v. Madavaram*, No. 15-6826, 2015 WL 6739109, at *6 (D.N.J. Nov. 2, 2015) ("While Defendants have asked the Court to dismiss this form of relief with prejudice, the dismissal of particular forms of relief would be premature at this stage of the litigation. The test of the complaint upon a motion to dismiss lies in the claim not in the demand.") (quoting *Falk v. Levine*, 60 F. Supp. 660, 663 (D. Mass. 1945)).

### D.   Leave to Amend.

The Court will not grant leave to amend because the jurisdictional defect in Plaintiff's retaliation claim cannot be cured by amendment.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 11) is **granted** with respect to Plaintiff's retaliation claim, and otherwise **denied**.

Dated this 21st day of March, 2016.

_____
David G. Campbell
United States District Judge